# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 1:19-cr-753 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | ORDER OF REMAND |
| | ) | |
| ANDRE COHEN, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Andre Cohen ("Cohen"), acting *pro se*, initiated this action by filing a Notice of Removal (Doc. No. 1) and Amended Notice of Removal (Doc. No. 2) purporting to remove a state criminal case pending against him in the Lorain County Court of Common Pleas, Case No. 19CR101341 ("Criminal Case"). For the reasons that follow, this case is remanded to the Lorain County Court of Common Pleas.

### A. Background

Cohen was indicted on November 21, 2019 for tampering with evidence, carrying concealed weapons, and improperly handling firearms in a motor vehicle. (Doc. No. 1-1.) He was arraigned on November 27, 2019 where, proceeding *pro se*, he entered a plea of Not Guilty. (Doc. No. 1-2.) Cohen removed the Criminal Case to this Court on December 10, 2019 pursuant to 28 U.S.C. § 1443.

### B. Discussion

*Pro se* pleadings must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citation omitted). Such liberal construction applies to

notices of removal. *See Ditech Fin., LLC v. Dyer*, No. 3:18-CV-00789-GNS, 2019 WL 438382, at *1 n.1 (W.D. Ky. Feb. 4, 2019).

A criminal defendant who desires to remove a criminal prosecution from state court must file a notice of removal containing a short and plain statement of the grounds for removal and comply with certain procedural requirements. 28 U.S.C. § 1455. Another federal statute governs the limited substantive grounds upon which a state criminal action may be removed:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1)   Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2)   For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

In order for a removed state criminal case to come within the provisions of subsection (1), "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219, 95 S. Ct. 1591, 44 L. Ed. 2d 121 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966)). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis

does not, standing alone, satisfy the requirements of § 1443(1)." *Id*. (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 825, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966)).

Cohen's rambling notice and amended notice of removal are difficult to discern. He appears to argue that the Ohio Revised Code provisions under which he has been indicted are inconsistent with the United States Constitution because the State of Ohio has converted a liberty interest under the Constitution into a privilege to which it attaches a license requirement and fee. Thus, Cohen contends that traffic infractions are not a crime and, if his Criminal Case is not heard in federal Court, the State of Ohio will have an unfair advantage. (Doc. No. 1 at 1.[1]) In the amended notice, Cohen alleges that Court of Common Pleas Judge Mark Betleski lacks jurisdiction over the Criminal Case because, among other reasons, he has refused to honor the Writ in the Nature of Discovery. (*See* Doc. No. 2 at 25–27.) Cohen further alleges he has been subjected to racial discrimination in the Criminal Case because he was denied the "rights of indigenous people," denied discovery requests because "it's Moorish Bullshit," discriminated against by being called African-American, and deprived of his rights under the Zodiac Constitution as secured by the American Constitution. (*See id*. at 29.) Lastly, Cohen refers the Court to Northern District of Ohio ("NDOH") Case No. 1:19-cv-2017 for exhibits regarding the instant action.[2] (*Id*. at 25.)

None of Cohen's allegations in the notice or amended notice suggest racial discrimination

---

[1] All page number references are to page identification numbers generated by the Court's electronic docketing system.

[2] In NDOH Case No. 1:19-cv-2017, Cohen attempted to remove a criminal action against him in the Avon Lake Municipal Court for possession of marijuana. He argued that federal court had jurisdiction over the removed case based upon diversity jurisdiction because he is of Moroccan descent. NDOH Case No. 1:19-cv-2017 was dismissed on the grounds that federal courts do not have original jurisdiction over state criminal proceedings, and diversity jurisdiction applies only to civil actions. (NDOH Case No. 1:19-cv-2017, Doc. No. 6.)

3

or provide a basis for concluding that he has been denied specific civil rights under federal law with respect to racial equality, as required by 28 U.S.C. § 1443(1) in order to remove the Criminal Case. *See e.g. Minnesota v. Bey*, Nos. 12-256 (JRT), 12-257 (JRT), 2012 WL 6139223, at *2 (D. Minn. Dec. 11, 2012) (criminal defendant's allegations that criminal proceedings are unfair and the State is discriminating against him because he is Moorish-American are insufficient to establish the right to removal under § 1443(1)) (citing *City of Greenwood,* 384 U.S. at 826 (rejecting as reasons for removal the defendants' claims that the state criminal statues were selectively enforced against them due to their race, that they were innocent, and that they would not receive a fair trial)); *Illinois v. Sadder-Bey*, No. 17-CV-4999, 2017 WL 2987159, at *3 (N.D. Ill. July 13, 2017) (removing defendant failed to establish that his state criminal prosecution violated a specific civil right under federal law stated in terms of racial equality notwithstanding his allegation that he is a "Moorish American Moslem").

Nor is subsection (2) conceivably applicable to Cohen's removal. The first clause of subsection (2) – "'for any act under color of authority derived from any law providing for equal rights ...' has been examined by the Supreme Court and held available only to federal officers and to persons assisting such officers in the performance of their official duties." *Detroit Police Lieutenants & Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979) (citing *City of Greenwood,* 384 U.S. at 815). As to the second clause, that provision "was designed to protect state officers from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues." *Id*.

Even assuming for the purpose of this analysis that Cohen satisfied the procedural requirements of 28 U.S.C. § 1455 and construing the allegations in Cohen's notice and amended

notice liberally, he does not establish valid grounds under 28 U.S.C. §1443 for removal of the Criminal Case to federal court. Accordingly, this case is remanded to the Lorain County Court of Common Pleas pursuant to 28 U.S.C. § 1455(b)(4).

### C. Conclusion

For all of the foregoing reasons, this matter is remanded to the Lorain County Court of Common Pleas. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: January 10, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**